IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GLENN E. MILLER, JR.,          :
                               :
        Plaintiff              :     CIVIL NO. 1:16-CV-01611
                               :
     vs.                       :
                               :
JANE DOE, et al.,              :     (Judge Rambo)
                               :
        Defendants             :

## MEMORANDUM

## Background

On August 4, 2016, Glenn E. Miller, Jr., an inmate confined at the York County Prison, York, Pennsylvania, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Miller claims that in September, 2014, when he was incarcerated at the State Correctional Institution at Camp Hill, Camp Hill, Pennsylvania ("SCI-Camp Hill"), he received inadequate medical care for a cardiac condition in violation of his rights under the Eighth Amendment. (Id.) Miller names as defendants three "Jane Doe" nurses and one "John Doe" physician who were employed at SCI-Camp Hill. (Id.) Miller also names as a defendant the Medical Department at SCI-Camp Hill. (Id.)

The complaint is a rambling and disjointed typewritten document.  However, construing the complaint liberally as the court is required to do, the court can discern that Miller claims that (1) on September 2, 2014, he notified a correctional officer that he was sweating profusely and having chest pain; (2) the correctional officers notified the medical department that Miller needed to be examined; (3) nurses responded and questioned Miller about his condition; (4) Miller informed the nurses that he was sweating profusely and having chest pain; (5) the nurses noticed a large amount of water on Miller's cell floor and when asked about the water Miller responded by stating that it was the result of him sweating profusely and rolling around on the floor trying to get comfortable; (6) the nurses concluded that the water on the floor was not from Miller sweating and inquired further about his condition; (7) Miller told the nurses that he "almost blacked out," his "chest hurts," his "legs and whole body [were] real weak," he was "drenched in sweat," his "stomach [was] upset," he was "burning up," and his "heart [was] racing;" (8) the nurses then checked

2

Miller's blood pressure and vital signs, provided him with medication and advised him to sign up for sick call the next morning; (9) the next morning on September 3, 2014, Miller was seen by nurses and then by a physician who examined him and determined he should be sent to the Holy Spirit Hospital for an examination and treatment; (10) Miller spent two weeks in the hospital during which time he underwent a heart catheterization which revealed no blockages but he did receive an implantable cardioverter defibrillator (ICD/pacemaker); (11) after the two week hospitable stay he was returned to SCI-Camp Hill where he spent one night in the medical infirmary and then was returned to his cell block with no restrictions relating to prison work assignments; and (12) Miller was then transferred on November 12, 2014, to the State Correctional Institution at Frackville where he remained until June 29, 2015, when he was released to a halfway house.  (Id. at 4-6.)

Miller requests compensatory damages in the total amount of $20,0000,000.00, nominal damages of $200,000.00,  punitive damages in the total amount of

$8,000,000.00, and injunctive relief, including that the prison only hire competent personnel.[1] (Id. at 7.)

Along with the complaint, Miller filed an authorization to have funds deducted from his prison trust fund account to have the filing fee paid in installments and a motion to proceed in forma pauperis. (Docs. 2, 3.) However, those forms were not the forms

---

1.  It is well recognized that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at 459 n. 10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96(1974)). A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief because he is no longer subject to the conditions he alleges are unconstitutional. Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir.1993); see also Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir.1981) ("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.") Since Miller is no longer incarcerated at SCI-Camp Hill his claim for injunctive relief is moot and will be summarily dismissed without further leave to file an amended complaint with respect to that claim.

used by the Court.   Therefore, on August 4, 2016, an
Administrative Order was issued which directed Miller to
file the proper forms within 30 days. (Doc. 7.)
Subsequently, on August 29, 2016, Miller filed the
proper forms. (Docs. 9, 10.)

The Prison Litigation Reform Act (the "PLRA"),
Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996)
imposed new obligations on prisoners who file suit in
federal court and wish to proceed in forma pauperis
under 28 U.S.C. § 1915, e.g., the full filing fee
ultimately must be paid (at least in a non-habeas suit).
Also, a new section was added which relates to screening
complaints in prisoner actions.[2]

For the reasons outlined below, Miller's motion
for leave to proceed in forma pauperis will be construed

---

2.  Section 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any portion
thereof, that may have been paid, the court shall
dismiss the case at any time if the court
determines that (A) the allegation of poverty is
untrue; or (B) the action or appeal (i) is
frivolous or malicious; (ii) fails to state a claim
on which relief may be granted; or (iii) seeks
monetary relief against a defendant who is immune
from such relief.

under the PLRA as a motion to proceed without full prepayment of the filing fee and granted, and Miller's complaint will be dismissed for failure to state a claim upon which relief can be granted and Miller will be granted an opportunity to submit an amended complaint.

## Discussion

The Supreme Court has recognized that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Roman, 904 F.2d at 194 (baseless factual contentions describe scenarios clearly removed from reality). The Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's

complaint is appropriate for summary dismissal.  <u>Denton</u>,
504 U.S. at 33.

Even though a complaint is not frivolous it
still may be dismissed under the screening provision of
the PLRA if it fails to state a claim upon which relief
may be granted.  Fed.R.Civ.P. 12(b)(6) is the basis for
this type of dismissal.  Under Rule 12(b)(6), we must
"accept all factual allegations as true, construe the
complaint in the light most favorable to the plaintiff,
and determine whether, under any reasonable reading of
the complaint, the plaintiff may be entitled to relief."
<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d
Cir.2009)(quoting <u>Phillips v. County of Allegheny</u>, 515
F.3d 224, 231 (3d Cir.2008)). While a complaint need
only contain "a short and plain statement of the claim,"
Fed.R.Civ.P. 8(a)(2), and detailed factual allegations
are not required, <u>Bell Atlantic Corp. v. Twombly</u>, 550
U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929
(2007), a complaint must plead "enough facts to state a
claim to relief that is plausible on its face." <u>Id.</u> at
570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d

929.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Ashcroft v. Iqbal</u>,___U.S.___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, <u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court  "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" <u>Id.</u>, 127 S.Ct. at 1965 (quoted case omitted).

In resolving the issue of whether a complaint states a viable claim, we thus "conduct a two-part analysis." <u>Fowler</u>, <u>supra</u>, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. <u>Id.</u> at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" <u>Id.</u> at 211 (quoted case omitted).

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements:  1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-581 (2003);  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach.  Martinez v. California, 444 U.S. 277, 285 (1980).[3]  A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights.  See Monell v. Department of

---

3.  The Martinez court explained: "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute."  Id.

<u>Social Serv. of the City of N.Y.</u>, 436 U.S. 658, 694-95
(1978); <u>Gay v. Petsock</u>, 917 F.2d 768, 771 (3d Cir.
1990); <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207-08 (3d
Cir. 1988).

First, a prison medical department is not an
entity subject to suit under 42 U.S.C. § 1983. The
United States Supreme Court established in <u>Will v.
Michigan Dept. of State Police</u>, 491 U.S. 58, 64 (1989),
that "a State is not a person within the meaning of §
1983."  Ordinarily, only actual persons are subject to
suit under § 1983.  <u>Id.</u> at 71.  Furthermore, a prison is
not a person within the meaning of § 1983.  <u>Fischer v.
Cahill</u>, 474 F.2d 991, 992 (3d Cir. 1973); <u>Smith v.
Samuels</u>, 2013 WL 5176742, *4 (M.D.Pa. 2013)("Courts have
repeatedly recognized that a prison or correctional
facility is not a person for purposes of civil rights
liability.")(Nealon, J.); <u>see also</u> <u>Ellman v. Prime Care,
Inc.</u>, 2014 WL 2601728, *2 (M.D.Pa. 2014)(Nealon, J.);
<u>Williams v. Lackawanna Count Prison</u>, 2010 WL 1491132, *1
n.2 (M.D.Pa. 2010)(McClure, J.). Consequently, Miller's

claims against the Medical Department at SCI-Camp Hill
will be dismissed without leave to amend.

Second, Miller has only named "John and Jane
Doe" defendants.[4] Arguably the claims against those
"John and Jane Doe" Defendants are based on the Cruel
and Unusual Punishments Clause of the Eighth Amendment.

Claims based upon the Cruel and Unusual
Punishments Clause have both objective and subjective
components. Wilson v. Seiter, 501 U.S. at 298.
Serious hardship to the prisoner is required to satisfy
the Eighth Amendment's objective component. Id. The
subjective component is met if the person or persons

_____

4. It is well-settled that the use of John/Jane Doe
defendants absent compelling reasons will not suffice
and the district court may dismiss such defendants if
plaintiff, after being granted a reasonable period of
discovery, fails to identify the defendants. Sheetz v.
Morning Call, 130 F.R.D. 34 (E.D. Pa. 1990). The
alleged wrongdoing of the "John and Jane Doe"
defendants occurred in September, 2014. Miller has had
ample opportunity to attempt to identify the nurses and
physician who treated him at SCI-Camp Hill prior to
filing the present complaint. However, the court will
grant Miller an opportunity to amend his complaint to
identify the "John and Jane Doe" defendants.

11

causing the deprivation acted with "a sufficiently culpable state of mind".  Id.

The objective component of an Eighth Amendment medical care claim, i.e., whether a plaintiff's medical needs were serious, has its roots in contemporary standards of decency. Hudson v. McMillian, 503 U.S. 1 (1992).  A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or is one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991); Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir.  1987); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981); West v. Keve, 571 F.2d 158, 162-63 n.6 (3d Cir. 1978).  The serious medical need element contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain.  See Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d at 347; Archer v. Dutcher, 733 F.2d

14, 16-17 (2d Cir. 1984); <u>Todaro v. Ward</u>, 565 F.2d 48,
52 (2d Cir. 1977).

Assuming, without deciding, that Miller's
medical need was serious in the constitutional sense,
the allegations in the complaint reveal that Miller
received medical attention.  The allegations contained
within the complaint establish efforts by the medical
personnel at SCI-Camp Hill to provide Miller with
necessary medical care, and an attendant mental state
that falls short of deliberate indifference.  Miller
received treatment and was ultimately sent to Holy
Spirit Hospital for further treatment within a 48 hour
period.

At best, Miller's complaint demonstrates his
disagreement with the scope and extent of treatment by
the medical providers at SCI-Camp Hill.  Miller's
disagreement with the course of treatment, however, does
not serve as a predicate to liability under § 1983. The
Eighth Amendment "requires prison officials to provide
basic medical treatment to those whom it has

13

incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). In order to establish a claim under § 1983 based on the Eighth Amendment, an inmate must present evidence of acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective element) to (2) plaintiff's serious medical needs (the objective element). Farmer v. Brennan, 511 U.S. 825 (1994); Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979). Because only egregious acts or omissions can violate this standard, mere medical malpractice can not result in an Eighth Amendment violation, nor can disagreements over a prison

physician's medical judgment.  White v. Napoleon, 897
F.2d 103, 108-10 (3d Cir. 1990).

A complaint that a physician or a medical
department "has been negligent in diagnosing or treating
a medical condition does not state a valid claim of
medical mistreatment under the Eighth Amendment..."
Estelle v. Gamble, 429 U.S. 97, 106, (1976).  "A medical
decision not to order an X-ray, or like measures, does
not represent cruel and unusual punishment.  At most it
is medical malpractice."  Id., 429 U.S. at 107.
"Allegations of medical malpractice are not sufficient
to establish a Constitutional violation."  Spruill, 372
F.3d at 235. "[A]s long as a physician exercises
professional judgment his behavior will not violate a
prisoner's constitutional rights."  Brown v. Borough of
Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).  In sum,
negligence, unsuccessful medical treatment, or medical
malpractice do not give rise to a § 1983 cause of
action, and an inmate's disagreement with medical
treatment is insufficient to establish deliberate

15

indifference.  <u>See</u> <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 69 (3d Cir. 1993).

Miller is merely taking issue with the medical judgment of nurses to have him report for sick call on September 3, 2014.  Moreover, the physician who saw him on September 3, 2016, promptly sent him to Holy Spirit Hospital for treatment. The allegations in Miller's complaint fail to raise a cognizable claim under the Eighth Amendment.

For the reasons set forth above, the instant complaint will be dismissed, without prejudice, for failure to state a claim on which relief can be granted pursuant 28 U.S.C. § 1915(e)(2)(B)(ii).  Although the complaint as filed fails to state a cause of action against the defendants, it is possible that the deficiencies may be remedies by amendment. Consequently, Miller will be granted such opportunity. Miller is also advised that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the

16

complaint already filed.  Such amended complaint should set forth his claims in short, concise and plain statements.  It should specify which actions are alleged as to which defendants.  If Miller fails to file an amended complaint adhering to the standards set forth above, this case will be closed.

Miller has also filed a motion for the production of his medical records maintained by the Holy Spirit Hospital, Pinnade Health, SCI-Camp Hill and Prime Care, Inc. (Doc. 9.)  In the motion there is no indication that Miller has made any attempt to request his medical records from those medical providers or offer to pay the fees associated with obtaining those records. Furthermore, at this juncture where the complaint filed by Miller fails to state a claim upon which relief can be granted and where no defendants have been served with the complaint, the court has no authority to grant such a motion.[5]

_____

5.  The Federal Rules of Civil Procedure relating to discovery are mainly directed at parties to an action.
(continued...)

Also, pending before the court are two motions by Miller for appointment of counsel (Docs. 4, 12.) Although prisoners have no constitutional or statutory rights to appointment of counsel in civil case, a court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e). <u>Tabron v. Grace</u>, 6 F.3d 147, 153 155-57 (3d Cir. 1993)(setting forth a non-exhaustive list of factors to be considered in ruling on a motion for appointment of counsel, including the merits of the claims and the difficulty of the legal issues), <u>cert. denied</u>, 114 S.Ct. 1306 (1994); <u>Ray v. Robinson</u>, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should

_____

5.   (...continued)
The entities referred to by Miller are not parties to this action. Although there are discovery rules relating to non-parties which set forth procedures for obtaining information from non-parties, <u>e.g.</u> Rule 31, those procedures are only applicable after service of a complaint. <u>See, e.g.</u>, Rule 31(a)(3)("A party who wants to depose a person by written questions must serve them on every other party, with a notice stating, if known, the deponent's name and address.").

18

be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984). But no part of the discussion in Smith-Bey of circumstances warranting appointment of counsel should be interpreted to mean that "appointment is permissible only in exceptional circumstances and that, in the absence of such circumstances, the court has no discretion to appoint counsel." Tabron, 6 F.3d at 155.

Miller fails to set forth sufficient special circumstances warranting appointment of counsel. As an initial matter, Miller has not identified the defendants and his complaint lacks arguable merit, i.e., fails to state a claim upon which relief can be granted. Tabron, supra, at 155-56. Moreover, the legal and factual issues are relatively uncomplicated, and the court can not say, at least at this point, that Miller will suffer

19

substantial prejudice if he is forced to prosecute this case on his own.  Furthermore, this court's duty to construe <u>pro</u> <u>se</u> pleadings liberally, <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), coupled with Miller's apparent ability to litigate this action, militate against the appointment of counsel.  Hence, the court will deny Miller's motion for appointment of counsel.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon motion of petitioner.

An appropriate order will be entered.


 s/Sylvia Rambo
SYLVIA H. RAMBO
United States District Judge


Dated: November 16, 2016